Henry Woodruff and Dorothy Woodruff, Appellants *v.* Township of Lower Southampton, Appellee.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*E. Dillwyn Darlington,* for appellants.

*Pamela R. Reiss, Lawler & Gonzales,* for appellee.

OPINION BY JUDGE DOYLE, August 6, 1982:

Henry Woodruff and Dorothy Woodruff (Appellants) operate a marine supply business, engaged primarily in the resale of used articles, on Brownsville Road in Lower Southampton Township (Township) in Bucks County. In 1964, the Township brought a complaint in equity against Appellants. That complaint alleged that the premises was being used as a junkyard in violation of Section 809 of the Lower Southampton Township Zoning Ordinance.[1] On January 16, 1967 a

---

[1] Section 809. PROHIBITED USES. No lot may be used as a junkyard, automobile wrecking yard, trailer camp, tourist cabin or automobile court, or commercial piggery; and no building may be erected, altered, or used and no lot may be used for any trade or business that is noxious or offensive by reason of odor, dust, smoke, gas, vibration, illumination or noise, or for any trade or business that constitutes an unusual public hazard from fire or explosions or other cause. Attached building used exclusively as dwellings shall not be permitted in and [sic] district.

final order was entered which enjoined Appellants from violating Section 809 of the zoning ordinance, and directed Appellants to remove from their premises and thereafter keep the property free from:

(a) All empty containers;

(b) All scrap metal, glass, bits of lumber, and other similar waste materials;

(c) All machinery and equipment which is partially or totally dismantled;

(d) All articles of every kind and description as to which there is no reasonable likelihood of resale in present form, for the original purpose of such articles;

(e) All gasoline, oil, paint, or other similar highly inflammable articles.

Thereafter, upon a petition by the Township, a hearing was held on June 20, 1977 in the Court of Common Pleas of Bucks County to determine if Appellants were in contempt of court for the violation of the order of January 16, 1967. Following said hearing, Appellants were found in contempt of court. An order was entered which directed Appellants to purge the contempt by complying with the January 16, 1967 order before August 1, 1977. Subsequently, the Township alleged that Appellants did not comply with the order to purge the contempt, and therefore petitioned for a hearing to impose a sanction upon Appellants for their alleged continued contempt. On January 21, 1980, after a hearing, Judge ISAAC S. GARB found that Appellants' use of the premises continued to violate the January 16, 1967 order, and further found that Appellants failed to purge the contempt finding made on June 20, 1977. Consequently, the court ordered that Appellants pay the sum of one hundred dollars ($100.00) for each day that they remain in violation of the January 16, 1967 order. Appeal to this Court followed.

Appellants argue that their use of the premises is not in violation of the order of January 16, 1967 because the findings of fact following the January 21, 1980 hearing are not supported by competent evidence. We disagree. Upon a thorough review of the record, we are convinced that the trial court's conclusion that Appellants remain in violation of the 1967 order is supported by competent credible evidence. Appellants' testimony indicated that there are empty containers on the premises; that some equipment has been purchased with the intention to dismantle; and, that there is partially dismantled equipment on the premises. In addition, the Township's witness testified to the presence of scrap metal on the premises. Each of these materials is clearly prohibited by the order of January 16, 1967.

Appellants further contend that the sanction imposed by the trial court is not in accordance with the law. In support of this contention, Appellants refer to Sections 4131-4135 of the Judicial Code, Act of July 9, 1976, P.L. 586, *as amended*, 42 Pa. C. S. §§4131-4135 (Code). Appellants argue that this portion of the Code is the basis for the court's penal power for contempt of court. Further, Appellants point out that the sanction imposed by the order of January 21, 1980 exceeds the limit prescribed by Section 4135 of the Code. Appellants' argument, however, is devoid of merit. The power to impose sanctions for contempt of court, which existed at common law, is a part of the judicial authority granted to courts of general jurisdiction. The right to punish for contempt of court is inherent; only the manner of its exercise is regulated by the legislature. *Brocker v. Brocker*, 429 Pa. 513, 241 A.2d 336 (1968). While it is true that the sanction imposed does exceed the limit prescribed by Section 4135, *it is important to note that the application of Section 4135 is limited to persons charged with criminal contempt.*

Upon a review of the sanction imposed by the trial court, it is clear that (1) it is prospective; (2) it is intended to enforce compliance with an order of the court; and (3) it is capable of being avoided by purging the contempt. These factors classify the order as civil contempt rather than criminal contempt. *See Commonwealth v. Marcone*, 487 Pa. 572, 410 A.2d 759 (1980); *Knaus v. Knaus*, 387 Pa. 370, 127 A.2d 669 (1956); *City of Pittsburgh v. DeWald*, 26 Pa. Commonwealth Ct. 151, 362 A.2d 1141 (1976). Consequently, the sanction imposed by the trial court is not within the purview of Section 4135 of the Code.

As discussed above, the Court's finding of Appellants' continued violation is supported by the evidence and the sanction imposed does not exceed any statutory limit. There is no further review available since, as long as a court proceeds within its jurisdiction, the decision to invoke the power to enforce its order by a contempt of court sanction is final and not the subject of review. *Patterson v. Wyoming Valley District Counsel*, 31 Pa. Superior Ct. 112 (1906).

Accordingly, we will enter the following

ORDER

Now, August 6, 1982, the order of the Court of Common Pleas of Bucks county in the above referenced matter dated January 21, 1980 is hereby affirmed.

Judge MENCER did not participate in the decision in this case.