487 A.2d 25

**COMMONWEALTH of Pennsylvania**

**v.**

**Shane OHLINGER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 5, 1984.

Filed Jan. 9, 1985.

William R. Bernhart, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before McEWEN, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant alleges trial counsel's ineffectiveness and sentencing error. Because we find that the lower court erred in imposing a minimum sentence under the Youth Offenders Act, we vacate the judgment of sentence and remand for resentencing.

On September 16, 1981, appellant was arrested and charged with arson, burglary, criminal trespass, and criminal mischief. A plea bargain was negotiated whereby appellant would plead guilty to the first two charges, make restitution, and continue his association with the Bureau of

Vocational Rehabilitation in exchange for two ten-year probation sentences and the prosecution's agreement to *nolle prosse* the other charges. A primary consideration underlying the bargain was the fact that appellant had suffered a serious head trauma and brain injury in a 1978 motorcycle accident. The lower court rejected the plea bargain, however, and appellant entered an open plea of guilty. On August 5, 1982, appellant was sentenced as a youthful offender to a term of eighteen-months-to-six-years imprisonment at the Camp Hill facility. At that time, appellant was advised that he had ten days in which to file motions to withdraw his guilty plea or modify his sentence. (N.T. August 5, 1982 at 12–13). On September 7, appellant filed a motion to withdraw his plea which was dismissed on September 28 as untimely filed. No motion to modify sentence was ever filed. This appeal followed.

Appellant first contends that trial counsel was ineffective in failing to advise the court of appellant's mental condition, either at sentencing or by filing a motion to modify sentence. When confronted with a claim of ineffectiveness, we must first determine whether the issues underlying the claim are of arguable merit. If the underlying issues are found to have arguable merit, then we determine whether the strategy chosen by trial counsel had some reasonable basis designed to effectuate the client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980); *Commonwealth v. Kaufman,* 307 Pa. Superior Ct. 63, 73, 452 A.2d 1039, 1044 (1982). Here, the record reveals that trial counsel did inform the court of appellant's medical problems, both at the plea colloquy, *see* N.T. April 15, 1982 at 8, and at sentencing, *see* N.T. August 5, 1982 at 9. Furthermore, counsel supplied the Adult Probation and Parole Department with a lengthy psychological evaluation which was included in the presentence report. (N.T. April 15, 1982 at 8; N.T. August 5, 1982 at 9; Appellee's Brief at 3). Thus, we find that counsel cannot be deemed ineffective.

 Appellant also contends that the trial court erred in imposing a minimum sentence.* Appellant was sentenced under the Youth Offenders Act, Act of April 28, 1887, P.L. 63, § 6, as amended, 61 P.S. § 485 (1964), which specifically prohibits the imposition of a minimum sentence. Although, at the time that appellant was sentenced, this Court had held that the provisions of the new Sentencing Code requiring a minimum sentence superseded those of the Youth Offenders Act, *see Commonwealth v. Aeschbacher*, 276 Pa. Superior Ct. 554, 419 A.2d 596 (1980), our Supreme Court has since rejected that interpretation and reaffirmed that no minimum sentence is allowed under the Youth Offenders Act. *See Commonwealth v. Shoemaker*, 502 Pa. 573, 467 A.2d 819 (1983). Accordingly, we must vacate the judgment of sentence and remand for resentencing.

Vacated and remanded for proceedings consistent with this opinion. Jurisdiction is not retained.

---

* Although this issue was not raised at sentencing or in post-verdict motions, the legality of a sentence can never be waived. *Commonwealth v. Norris*, 498 Pa. 308, 319 n. 9, 446 A.2d 246, 251 n. 9 (1982); *Commonwealth v. Fulton*, 315 Pa. Superior Ct. 420, 422 n. 4, 462 A.2d 265, 266 n. 4 (1983). An illegal sentence is void. *See Commonwealth v. Hoffman*, 210 Pa. Superior Ct. 48, 232 A.2d 19 (1967).