492 A.2d 63

COMMONWEALTH of Pennsylvania

v.

**Carl Edward COOKE, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 1984.

Decided April 4, 1985.

Petition for Allowance of Appeal
Denied Sept. 16, 1985.

Robert A. Longo, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before ROWLEY, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that (1) the lower court erred in denying his motion for a change of venue and a mistrial, (2) the evidence was insufficient to support his convictions for attempted robbery and conspiracy, and (3) the mandatory sentence imposed upon him pursuant to 42 Pa.C.S.A. § 9712 was unconstitutional. We vacate the judgment of sentence in part.

On June 12, 1982, appellant and Robert Dixon were arrested and charged with attempted robbery and conspiracy. Appellant filed a pre-trial motion for change of venue which was denied on September 17, 1982. Following a November 15, 1982 jury trial, appellant was found guilty of both charges. On November 18, he filed post-verdict motions which were denied on July 6, 1983. On September 2, 1983, appellant was sentenced to a term of imprisonment of five-to-ten years on the attempted robbery charge, and to a concurrent term of ten years probation on the conspiracy charge. This appeal followed.

Appellant first contends that the lower court erred in denying his motion for a change of venue due to pretrial publicity. Appellant and Robert Dixon were the first de-

fendants to be charged with crimes which would subject them to the mandatory minimum sentence requirements of a new statute. *See* 42 Pa.C.S.A. § 9712 (five years minimum sentence for committing certain crimes with a gun). As a result, on July 14, 1982, two articles were published in a Lancaster newspaper detailing the Commonwealth's intent to apply the mandatory sentence to appellant and Dixon. On July 16, another article reported the dismissal of the attempted robbery charge against Dixon. On July 21, the newspaper reported that appellant would stand trial on charges of attempted robbery and conspiracy and summarized the testimony at appellant's pretrial hearing. On August 17, the newspaper reported that appellant's parole for a previous crime had been revoked.

An application for a change of venue is addressed to the sound discretion of the trial court, and its exercise of that discretion will not be reversed absent abuse. *Commonwealth v. Tolassi*, 489 Pa. 41, 50, 413 A.2d 1003, 1007; *Commonwealth v. Casper*, 481 Pa. 143, 150, 392 A.2d 287, 290–91 (1978); *Commonwealth v. Keeler*, 302 Pa.Superior Ct. 324, 328, 448 A.2d 1064, 1065–66 (1982). Therefore, this Court's only inquiry is whether any juror formed a fixed opinion of appellant's guilt as a result of the pretrial publicity. *Commonwealth v. Casper, supra; Commonwealth v. Kichline*, 468 Pa. 265, 273, 361 A.2d 282, 287 (1976). Ordinarily, one who claims that he was denied a fair trial by prejudicial publicity must show actual prejudice in the empaneling of the jury. *Commonwealth v. Casper, supra; Commonwealth v. Keeler, supra.* However, our Supreme Court has made an exception to that rule for cases in which pretrial publicity is " 'so sustained, so pervasive, so inflammatory, and so inculpatory as to demand a change of venue,' " because circumstances make it apparent that a fair trial cannot be held. *Commonwealth v. Casper, supra* 481 Pa. at 151, 392 A.2d 291, *quoting Commonwealth v. Frazier*, 471 Pa. 121, 127, 369 A.2d 1224, 1227 (1977). If the pretrial publicity is not inherently prejudicial, however, this Court will consider the following factors in assessing

whether the trial court abused its discretion in denying a change of venue:

(1) the length of time between the publicity and the trial; (2) the nature and extent of the publicity (whether inflammatory or basically factual and how pervasively the information has been disseminated); (3) the degree to which the information is attributable to police or prosecution sources; (4) the community atmosphere; (5) the trial court's efforts to insulate the jury against and/or diminish the impact of the publicity; and (6) the probable efficacy of a change of venue.

*Commonwealth v. Richardson*, 476 Pa. 571, 586, 383 A.2d 510, 518 (1978), *cert. denied*, 436 U.S. 910, 98 S.Ct. 2248, 56 L.Ed.2d 410 (1978) (citations omitted); *Commonwealth v. Keeler, supra* 302 Pa.Super. at 329–30, 448 A.2d at 1066–67.

■ Here, appellant alleges that the pretrial publicity was prejudicial and inflammatory because it (1) stressed the applicability of the new mandatory sentencing statute, (2) quoted a police captain's statement that appellant and Dixon would get "no deals", (3) noted that Dixon had given police a statement implicating appellant, and (4) reported the revocation of appellant's parole on a prior criminal charge. We do not believe that the four articles cited by appellant constitute publicity so sustained and inflammatory as to be inherently prejudicial and deny him a fair trial. We base our conclusion on the following factors: the reporting was basically factual, the four articles could not constitute "pervasive dissemination" of the information, and three months elapsed between the last of the four articles and the beginning of appellant's trial. *See Commonwealth v. Galloway*, 495 Pa. 535, 434 A.2d 1220 (1981) (five-and-one-half months "cooling-off period" sufficient); *Commonwealth v. Casper, supra* (two-and-one-half months sufficient); *Commonwealth v. Kivlin*, 267 Pa.Superior Ct. 270, 406 A.2d 799 (1979) (two months sufficient). Appellant has also failed to allege or show that there was actual prejudice in the empaneling of the jury. Under these circumstances, we find that the trial court did not abuse its

discretion in denying appellant's motion for a change of venue.

Appellant argues next that the trial court should have granted a mistrial when a police officer allegedly testified to prior criminal conduct by appellant as follows:

[Commonwealth Attorney]: What caused you to say Mr. Cooke had the gun?

[Police Officer]: I really don't know. I just—it just slipped my mind for a moment but I do—I do remember that I had Mr. Cooke at the vehicle *because I knew Mr. Cooke from speaking to him before.*

(N.T. November 15, 1982 at 44) (emphasis added). At that point, appellant's counsel objected and requested a mistrial and a curative instruction. The trial court refused both requests, stating that a curative instruction would just bring attention to the remark. (*Id.* at 45).

If testimony indicates to the jury that the accused has been involved in prior criminal activity, a mistrial is warranted. *Commonwealth v. Nichols,* 485 Pa. 1, 4, 400 A.2d 1281, 1282 (1979); *Commonwealth v. Colon,* 264 Pa. Superior Ct. 314, 321, 399 A.2d 1068, 1071 (1977). In the instant case, the police officer's remark that he knew appellant "from speaking to him before" cannot reasonably be construed as indicating to the jury that appellant had been involved in prior criminal conduct. *See, e.g., Commonwealth v. Starks,* 484 Pa. 399, 399 A.2d 353 (1979) (police officer's testimony that he knew defendant's nickname "from other contacts" with him did not imply prior criminal conduct); *Commonwealth v. Riggins,* 478 Pa. 222, 386 A.2d 520 (1978) (police officer's testimony that he knew where defendant lived did not indicate defendant had prior criminal activity). Moreover, we agree with the trial court that a curative instruction would only have drawn unnecessary attention to the remark. Accordingly, we hold that the court below properly denied appellant's motions for a mistrial and a curative instruction.

Appellant also contends that the evidence presented at his trial was insufficient to sustain his convictions for attempt-

ed robbery and conspiracy. The test for the sufficiency of the evidence in a criminal case is whether the evidence admitted at trial is sufficient to prove every element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Smith*, 502 Pa. 600, 604, 467 A.2d 1120, 1122 (1983). In making this determination, the reviewing court must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder could properly have based its verdict. *Commonwealth v. Davis*, 491 Pa. 363, 369, 421 A.2d 179, 182 (1980).

 The elements of the crime of attempt are (1) an intent to commit a specific crime and (2) any act constituting a substantial step toward the commission of that crime. *Commonwealth v. Chance*, 312 Pa.Superior Ct. 435, 441–443, 458 A.2d 1371, 1374 (1983). *See also* 18 Pa.C.S.A. § 901(a). The elements of the offenses of robbery and conspiracy are as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

. . . . .

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

. . . .

(2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

18 Pa.C.S.A. § 3701(a).

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S.A. § 903(a). However, because an express agreement to commit a crime can seldom be proved by direct evidence, circumstantial evidence may be used to establish the conspiracy. *Commonwealth v. Kennedy*, 499 Pa. 389, 395, 453 A.2d 927, 929–930 (1982); *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652–53 (1973).

Among the circumstances relevant, but not sufficient by themselves, to prove a corrupt confederacy are (1) association between alleged conspirators, . . .; (2) knowledge of the commission of a crime, . . .; (3) presence at the scene of the crime, . . .; and (4) in some situations, participation in the object of the conspiracy, . . . . However, while such circumstances are insufficient standing alone, they may furnish a web of evidence linking an accused to the alleged conspiracy beyond a reasonable doubt "when viewed in conjunction with each other and in the context in which they occurred." *Commonwealth v. Clarke*, 256 Pa. Superior Ct. 97, 103, 389 A.2d 619, 621 (1978).

*Commonwealth v. Anderson*, 265 Pa.Superior Ct. 494, 500–01, 402 A.2d 546, 549–550 (1979) (citations omitted).

With these principles in mind, we review the facts of the instant case: On June 12, 1982, at approximately 10:15 p.m., Charles Sanford left a tavern to walk home. (N.T. November 15, 1982 at 12). As he walked along the street, he noticed that two men walking behind him parted company. (*Id.* at 13). One of them jogged by Sanford and feigned a leg injury. (*Id.* at 13–14). Sanford looked back over his shoulder just as the other man, appellant, ran up to him and said, "don't move, give me your money." (*Id.* at 14). Appellant had a gun in his hand and pointed it at Sanford's midsection. (*Id.* at 14–16). Sanford yelled "no"

and ran across the street. He testified that the incident was one-and-a-half-to-two minutes in duration, that appellant was an arm's length away from him, and that the area was amply lit. (*Id.* at 16). Sanford then ran to a nearby police station where he described the two men as black, one taller than the other, and one wearing a jogging suit with a white stripe. (*Id.* at 24). After driving around the neighborhood with two police officers for about ten minutes, Sanford spotted appellant and Robert Dixon walking together about two or three blocks from the scene of the crime. (*Id.* at 27, 30). Dixon, who is shorter than appellant, was wearing a sweatsuit. (*Id.* at 35, 54). Sanford positively identified appellant and Dixon as the men who had accosted him. (*Id.* at 28, 34, 38, 42). When the police searched the men, they found a handgun in Dixon's pocket. (*Id.* at 35–37). Later, at the police station, eight live bullets of the same type as those in the gun were found in appellant's jacket pocket. (*Id.* at 52).

On these facts, we find that the jury reasonably concluded that there was sufficient evidence to find appellant guilty of attempted robbery and conspiracy. Although there is no direct evidence of appellant's agreement to commit a crime, we think that his presence at the scene of the crime, his association with Dixon, Dixon's apparent attempt to distract Sanford, and appellant's joint control of the gun with Dixon are more than sufficient to create a "web of evidence" linking him to the conspiracy.

Finally, appellant contends that the statute which required that he be sentenced to a minimum term of five years imprisonment for attempted robbery with a visible firearm is unconstitutional.[1] *See* 42 Pa.C.S.A. § 9712.[2]

1. Although appellant did not raise this issue at sentencing or in a motion to modify sentence, the legality of a sentence can never be waived. *Commonwealth v. Norris,* 498 Pa. 308, 319 n. 9, 446 A.2d 246, 251 n. 9 (1982); *Commonwealth v. Fulton,* 315 Pa.Superior Ct. 420, 422 n. 4, 462 A.2d 265, 266 n. 4 (1983). An illegal sentence is void. *See Commonwealth v. Hoffman,* 210 Pa.Superior Ct. 48, 232 A.2d 19 (1967).

2. 42 Pa.C.S.A. § 9712 provides:

Specifically, he argues that the law violates his right to due process because the legislature has removed the discretion of the sentencing judge to sentence a defendant to a lesser term.

■ "Our analysis begins with the strong presumption of constitutionality and the heavy burden of persuasion upon one who challenges the constitutionality of an Act of the General Assembly." *Commonwealth v. Mikulan*, 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983). We therefore will not declare an act void unless its violation of the Constitution is so clear as to preclude doubt or hesitation. *Commonwealth v. Bryant*, 239 Pa.Superior Ct. 43, 46, 361 A.2d 350, 351–52 (1976).

■ Although the judiciary imposes sentences upon conviction, the fixing of penalties for crimes is a task for the legislature, and, as one of its options, the legislature may prescribe a mandatory minimum term of imprisonment. *Commonwealth v. Hernandez*, 339 Pa.Superior Ct. 32, 40, 488 A.2d 293, 297 (1985); *Commonwealth v. Bryant, supra.* "[D]ue process of law is not violated when courts accede to legislative authority to frame a coherent statutory scheme for the administration of sentencing for certain

(a) Mandatory sentence.—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii), or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

.　　.　　.　　.　　.

(c) Authority of court in sentencing.—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

criminal offenses." *Commonwealth v. Hernandez, supra,* 339 Pa.Superior Ct. at 42, 488 A.2d at 298. Furthermore, courts have upheld the constitutionality of mandatory sentencing provisions on numerous occasions. *See Commonwealth v. Hernandez, supra* (mandatory minimum three year sentence for vehicular homicide while driving under the influence—75 Pa.C.S.A. § 3735(a)); *Commonwealth v. Waters,* 334 Pa.Superior Ct. 513, 483 A.2d 855 (1984) (mandatory life sentence for first degree murder—18 Pa.C.S.A. § 3123(5)); *Commonwealth v. Middleton,* 320 Pa.Superior Ct. 533, 467 A.2d 841 (1983) (mandatory life sentence for felony murder—18 Pa.C.S.A. § 1102(b)); *Commonwealth v. Dessus,* 262 Pa. Superior Ct. 443, 396 A.2d 1254 (1978) (mandatory life sentence for assault by a life prisoner—18 Pa.C.S.A. § 2704).

Appellant argues that the mandatory sentence provision violates the individualized consideration which the Sentencing Guidelines require sentencing judges to give each offender and crime. The statute, however, states that the Sentencing Guidelines do not supersede the mandatory sentencing provision. *See* 42 Pa.C.S.A. § 9712(c). We have previously held that the Eighth Amendment requirement for individualized consideration of offender and crime in capital cases has not been extended to non-capital offenses. *Commonwealth v. Waters, supra* 334 Pa.Superior Ct. at 525–526, 483 A.2d at 861; *Commonwealth v. Dessus, supra* 262 Pa.Super.Ct. at 450, 396 A.2d at 1257. Therefore, the creation of mandatory minimum sentences which remove judicial sentencing discretion in non-capital cases is not a constitutional violation.

In the instant case, the mandatory five year minimum sentence for the commission of certain serious crimes with a visible firearm is designed to protect human life and is reasonably related to accomplishing that goal. We therefore find that the mandatory sentencing provision in 42 Pa.C.S.A. § 9712 does not violate due process of law. We are further persuaded in this result by decisions in other jurisdictions upholding the constitutionality of similar laws.

*See, e.g., Rocker v. State,* 443 So.2d 1316 (Ala.Crim.App. 1983), *cert. denied,* Ala.Sup.Ct. No. 83–211 (1984) (mandatory ten year minimum sentence for using a gun while committing certain felonies); *State v. Williams,* 115 Ariz. 288, 564 P.2d 1255 (1977) (defendant must serve minimum sentence for armed robbery or assault without being eligible for parole, probation, suspension, etc.); *Sowell v. State,* 342 So.2d 969 (Fla.1977) (three year mandatory minimum sentence for aggravated assault with a firearm); *State v. Holmes,* 276 N.W.2d 823 (Iowa 1979) (five year mandatory minimum sentence for committing forcible felony with a gun); *State v. DeCourcy,* 224 Kan. 278, 580 P.2d 86 (1978) (five year mandatory minimum sentence for committing certain crimes with a gun); *State v. Freeman,* 223 Kan. 362, 574 P.2d 950 (1978) (same); *State v. Des Marets,* 92 N.J. 62, 455 A.2d 1074 (1983) (three year mandatory minimum sentence for use/possession of a gun during commission of certain serious offenses).

We note, however, that appellant was improperly convicted and sentenced for two inchoate crimes, criminal attempt (18 Pa.C.S.A. § 901) and criminal conspiracy (18 Pa.C.S.A. § 903).[3] Conviction on both of these charges is prohibited by 18 Pa.C.S.A. § 906. *See Commonwealth v. Watts,* 319 Pa.Superior Ct. 137, 465 A.2d 1267 (1983). When a lower court improperly convicts and sentences a defendant for two inchoate crimes, this Court has the option either to remand for resentencing or amend the sentence directly. *Commonwealth v. Watts, supra; Commonwealth v. Gonzales,* 297 Pa.Superior Ct. 66, 443 A.2d 301 (1982). Because the lower court imposed concurrent sentences, we need not remand for resentencing but will simply vacate the judgment of sentence imposed on the criminal conspiracy charge. *See Commonwealth v. Kinnon,* 308 Pa.Superior Ct. 28, 453 A.2d 1051 (1982).

**3.** Although appellant has not raised this issue, we may raise it *sua sponte* because it concerns the legality of the sentence imposed. Commonwealth v. Watts, 312 Pa.Superior Ct. 137, 465 A.2d 1267 (1983).

Judgment of sentence for criminal conspiracy is vacated. Judgment of sentence for attempted robbery is affirmed.