564 A.2d 162

**Kristy L. WAGNER, Appellee,**

v.

**David C. WAGNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 6, 1989.

Filed July 19, 1989.

Reargument Denied Oct. 2, 1989.

Vincent J. Quinn, Asst. Public Defender, Lancaster, for appellant.

Henry S. Kenderdine, Jr., Dist. Atty., Lancaster, for appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

DEL SOLE, Judge:

David C. Wagner, Appellant, was found in indirect criminal contempt and sentenced to six months imprisonment. Wagner appeals from the final order of the trial court raising whether the trial court was required to imposed a minimum sentence of one-half the maximum. We find this issue meritless and affirm the order of the trial court.

David Wagner was prohibited by court order from threatening, abusing or harassing, physically or verbally, his wife, Kristy Wagner. He was also excluded from her residence. This order was entered pursuant to the Protection From Abuse Act, 35 Pa.S.A. § 10181—10190. Less than three months after this order was entered, David Wagner came into Kristy Wagner's residence and physically and verbally harassed her. David Wagner was arrested and charged with indirect criminal contempt in violation on 35 P.S. § 10181. Wagner was convicted of indirect criminal con-

tempt and the trial court ordered him to serve six months in prison. Wagner appeals from this final order.

Wagner's sole issue is that his sentence was illegal. He argues that because indirect criminal contempt is a crime, those convicted of it must be sentenced under the Sentencing Code. The Sentencing Code provides that "the court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence." 42 Pa.C.S.A. § 9756(b). The Protection From Abuse (PFA) Statute provides that "notwithstanding any provision of the law to the contrary any sentence for this contempt may include imprisonment up to six months or a fine not to exceed $1000 or both ..." 35 P.S. § 10190(b). According to Wagner, he should have received a minimum sentence to go along with his maximum sentence of six months. Because the trial court failed to give him a minimum sentence, he claims his sentence was illegal and he should be resentenced.

■ We first note that this appeal is the first time that Wagner has challenged the legality of his sentence. A challenge to the legality of a sentence is an issue which cannot be waived. *Commonwealth v. Cooke*, 342 Pa.Super. 58, 492 A.2d 63 (1985). We will therefore consider Wagner's issue on its merits.

■ Wagner is correct in arguing that the indirect criminal contempt proceeding is criminal in nature. The Pennsylvania Supreme Court has held that finding an individual in contempt of a PFA order involved a proceeding that was criminal in nature and had double jeopardy implications. *Commonwealth v. Allen* 506 Pa. 500, 486 A.2d 363 (1984). But the court also wrote that because the PFA Act "has its roots in equity and is essentially civil, we hold that a court's use of its inherent power to enforce its orders under the Act through contempt does not preclude a later criminal prosecution to protect the Commonwealth's interest in preventing crime." 506 Pa. at 503–504, 486 A.2d 363.

In requiring a defendant be found in contempt and punished under the PFA Act, "the legislature did not in any way attempt to alter or circumvent the rights of a defendant in criminal contempt proceedings." *Vito v. Vito*, 380 Pa.Super. 258, 551 A.2d 573, 576 (1988). And while the legislature has enshrouded this criminal procedure with appropriate safeguards, the contemnor under the PFA Act has no right to a preliminary hearing. *Cipolla v. Cipolla*, 264 Pa.Super. 53, 398 A.2d 1053 (1979).

The contemnor under the PFA Act also has no right to a jury trial. *Eichenlaub v. Eichenlaub* 340 Pa.Super. 552, 490 A.2d 918 (1985). In *Eichenlaub*, the contemnor challenged the constitutionality of the PFA Act on the grounds that the provision allowing the imposition of a sentence of six months imprisonment and/or a $1000 fine makes the offense a serious offense. Because the PFA Act would allow the fine and the imprisonment to be imposed without a jury trial it violated the contemnor's Sixth Amendment rights. The contemnor argued that there is a bright line between petty and serious offenses. Petty offenses are not punished by more than six months imprisonment and there is no right to a jury trial. Serious offenses are punished by anything more than six months, whether by time in prison or fine, and there is a right to a jury trial.

This Court held:

Our legislature has not enacted a statutory definition drawing a bright line between petty and serious offenses. A summary offense is one punishable by ninety days imprisonment, or a $300 fine, or both. This definition, however, is irrelevant to the determination of an accused's right to a jury trial, for an offense may be more serious than a summary offense without being so serious to require a jury trial.

.    .    .    .    .

There can be no question regarding the nature of the risk the legislature sought to meet in enacting the Protection From Abuse Act. We have described the Act as a 'van-

guard measure dealing with the problems of wife and child abuse.' The legislature recognized that existing legal means were inadequate to address these problems. The primary goal of the Act was therefore not retrospective punishment, but rather 'advance prevention of physical and sexual abuse.'

.    .    .    .    .

490 A.2d at 920–922 (Citations omitted)

This court concluded that summary disposition is essential to the effectiveness of the Act and that the Act did not violate the contemnor's constitutional rights.

It has long been recognized that "the power to impose sanctions for contempt of court, which existed at common law, is a part of the judicial authority granted to courts of general jurisdiction. The right to punish for contempt of court is inherent, only the manner of its exercise is regulated by the legislature." *Woodruff v. Township of Lower Southhampton*, 68 Pa.Cmwlth. 171, 448 A.2d 692, 694 (1982). See *Marco Industries v. United Steel Workers of America*, 401 Pa. 299, 164 A.2d 205 (1960).

The legislature has limited the sanction a court can impose for indirect criminal contempt to 15 days imprisonment and/or a $100 fine in cases where the contempt is the violation of a restraining order or an injunction issued by a court, "except as otherwise provided in this title or in statute hereafter enacted." 42 Pa.C.S.A. § 4135(b). See *Bruzzi v. Bruzzi*, 332 Pa.Super. 346, 481 A.2d 648 (1984). The legislature then enacted the PFA Act which limited a court to imposing sanctions of no more than six months imprisonment and/or a $1000 fine on those in contempt of a restraining order under the Act.*

* 42 Pa.C.S.A. § 4135 *Criminal Contempt* was enacted 1976, July 9, P.L. 586, No. 142, § 2 effective June 27, 1978. As amended 1978, April 28, P.L. 202, No. 53, § 10(53), effective June 27, 1978. 35 P.S. § 10181 et seq. *Protection From Abuse* 1976, October 7, P.L. 1090, No. 218, As amended 1978, June 23, P.L. 513, No. 81 § 1, effective August 23, 1978.

In Wagner's case, the court imposed a straight six month sentence which was no greater than the maximum allowed by statute. We find that the sentence was legal. We have found no cases, nor has Wagner offered any cases, which would require a court to give a contemnor a minimum as well as a maximum sentence. While a PFA proceeding is criminal in nature, it does not receive all of the protections that regular criminal proceedings receive. While criminal contempt is a crime, the sanctions imposed because of it are best left to the discretion of the offended court limited by only a few legislative restrictions. The PFA Act was enacted as specific remedial legislation and for this court to require that contemnors under this Act receive minimum as well as maximum sentences would only weaken the effectiveness of the Act. Had the legislature intended that minimum and maximum sentencing requirements be part of the sanctions for indirect criminal contempt under the PFA, it would have included such language in the Act.

Order of the trial court is affirmed. Jurisdiction relinquished.

KELLY, J., files a dissenting statement.

KELLY, Judge, dissenting.

I respectfully dissent. Appellant was convicted of indirect criminal contempt and sentenced to a term of six months imprisonment pursuant to the Protection From Abuse Act which provides in pertinent part:

(b) Notwithstanding any provision of the law to the contrary any *sentence* for this contempt may include imprisonment *up to* six months or a fine not to exceed $1,000 or both and the defendant shall not have a right to a jury trial on such a charge.

35 Pa.C.S.A. § 10190(b) (emphasis added). On appeal, appellant contends that the trial court imposed an illegal sentence upon him by failing to sentence him in accordance with the Sentencing Code which provides in pertinent part:

252

(b) Minimum sentence—The Court *shall* impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

42 Pa.C.S.A. § 9756(b) (emphasis added).

I agree with the majority that an indirect criminal contempt proceeding is criminal in nature. My difference with the majority is purely one of statutory construction.

The two statutes in the instant case must be read together. If the legislature intended that a minimum sentence should not be imposed, it could have easily specifically stated that the mandate of 42 Pa.C.S.A. § 9756(b) did not apply. *Cf. Commonwealth v. Ohlinger,* 337 Pa.Super. 437, 487 A.2d 25 (1985) (the former Youth Offenders Act specifically prohibited imposition of minimum sentence); *accord Commonwealth v. Ferguson,* 381 Pa.Super. 23, 552 A.2d 1075 (1988) (noting that unlike ordinary restitution orders limited by the restrictions of 18 Pa.C.S.A. § 1106(c)(2), restitution for welfare fraud was expressly exempted from those limitations, 62 Pa.S.A. § 481(c)). Because the legislature has not specifically exempted sentences for criminal contempt under the Protection From Abuse Act from the general mandate that all sentences must have a minimum and a maximum, I would not imply such an exemption. *Cf. Commonwealth v. Revtai,* 516 Pa. 53, 74, 532 A.2d 1, 11 (1987). Rather, in absence of an express exemption I am of the opinion that we must enforce the provisions of the sentencing code, including the requirement of both a minimum and a maximum term for imprisonment. *Commonwealth v. Ferrara,* 487 Pa. 392, 402, 409 A.2d 407, 412 (1979) (Roberts, J., dissenting) (sentencing court failed to comply with sentencing code in sentencing defendants who had been convicted of criminal contempt); *Commonwealth v. Falkenhan,* 306 Pa.Super. 330, 452 A.2d 750 (1982) (defendant convicted of direct criminal contempt must have sentence imposed as required by sentencing code).

Hence, I dissent.