J-S08006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                           :             PENNSYLVANIA
                                             :

            v.                          :

                                           :

GREGORY A. THOMPSON             :
                                           :

          Appellant            :    No. 1074 MDA 2022

Appeal from the Judgment of Sentence Entered June 23, 2022
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2022-0631

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:              **FILED MAY 8, 2023**

     Appellant, Gregory A. Thompson, appeals from the judgment of sentence entered on June 23, 2022. We vacate and remand.

     On February 3, 2022, the trial court issued a Final Protection From Abuse ("PFA") order in favor of J.S. (hereinafter "the Complainant") and against Appellant. Among other things, the PFA order declared that Appellant "shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against" the Complainant and that the order remains in effect until February 3, 2025. **See** PFA Order, 2/3/22, at 1.

     On April 12, 2022, the Complainant filed a motion to amend the PFA order, so that the order would prohibit Appellant from having any contact with her. In support of her motion, the Complainant averred that Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

"spitting on me, calling me names, hitting me, harassing me [and] cursing at me." Motion to Amend, 4/12/22, at 1.

On April 20, 2022, the Commonwealth charged Appellant with indirect criminal contempt ("ICC"),[1] for violating the terms of the PFA order. Appellant pleaded guilty to ICC on April 28, 2022 and the trial court sentenced Appellant to serve six months of probation for this first violation. **See** Sentencing Order, 4/28/22, at 1-2.

Further, on April 28, 2022, the trial court granted the Complainant's motion to amend and the court issued an amended PFA order, which provided:

> [Appellant] shall not abuse, harass, stalk, threaten, or attempt or threaten to use physical force against [the Complainant] in any place where they might be found.
>
> . . . [Appellant] shall not contact [the Complainant], or any other person protected under this order, by telephone or by any other means, including through third persons.

Amended PFA Order, 4/28/22, at 1.

The amended PFA order does not expire until April 28, 2025. **Id.**

On May 16, 2022, the Commonwealth charged Appellant with ICC for violating the no-contact terms of the PFA order. On May 24, 2022, Appellant pleaded guilty to committing this second violation and the trial court sentenced Appellant to serve an additional four months of probation. Sentencing Order, 5/24/22, at 1-2.

---

[1] 23 Pa.C.S.A. § 6114.

The Commonwealth charged Appellant with committing a third violation of the PFA order on May 28, 2022. Appellant pleaded guilty to ICC on June 2, 2022 and the trial court sentenced Appellant to serve an additional six months of probation. Sentencing Order, 6/2/22, at 1-2.

On June 6, 2022, the Commonwealth again charged Appellant with ICC for violating the terms of the PFA order; Appellant pleaded guilty to this fourth violation on June 16, 2022 and the trial court sentenced Appellant to serve a term of one month in jail. Sentencing Order, 6/16/22, at 1-2.

On June 17, 2022, the Commonwealth filed the latest criminal complaint against Appellant, again charging Appellant with ICC for violating the terms of the PFA order. *See* Criminal Complaint, 6/17/22, at 1-4. The affidavit of probable cause was sworn by Wilkes-Barre City Police Officer Stanley Wychock and declared:

> On [June 9, 2022,] at about [1:57 p.m., the Complainant] arrived at police headquarters and reported [that Appellant] violated a [PFA order the Complainant] has against him. The [Complainant] stated she was in the parking lot of Save-A-Lot on South Main Street when [Appellant] approached her and started yelling at [her] and [] threw a bag of potato chips at her. The bag of potato chips struck the [Complainant] in the chest. The [Complainant] then left the area and drove to Wilkes-Barre City Police station and reported the violation.

Criminal Complaint, 6/17/22, at 4.

Appellant was arrested for this violation on June 18, 2022 and, following a preliminary arraignment, Appellant was unable to post bail; thus, Appellant

remained in jail. **See** Magistrate Court Docket Entries, MJ-11101-MD-0000050-2022, at 3.

On June 20, 2022, the trial court issued a scheduling order in the matter, which scheduled an ICC hearing for June 23, 2022 – or, three days later. **See** **id.**; **see also** Scheduling Order, 6/20/22, at 1. Although Appellant was in jail at the time the scheduling order was issued, there is no evidence that Appellant was served with the scheduling order in jail. Instead, the "File Copy Recipient List," which is attached to the June 20, 2022 scheduling order, declares that the order was mailed to Appellant's listed, home address. **See** Scheduling Order, 6/20/22, at 2.

Appellant did not retain counsel during the three days from the issuance of the scheduling order to the hearing date. Nevertheless, at the beginning of the June 23, 2022 hearing – and "just before the start of testimony" – the trial court appointed the Luzerne County Public Defender's Office to represent Appellant. **See** Appellant's Brief at 5; **see also** Sentencing Order, 6/23/22, at 1; N.T. ICC Hearing, 6/23/22, at 2. In response to the sudden appointment, Appellant's appointed counsel (hereinafter "Appellant's Counsel") requested a continuance. **See** N.T. ICC Hearing, 6/23/22, at 2. The trial court granted counsel a 20-minute continuance and, when the hearing resumed, Appellant's Counsel requested that the trial court continue the hearing for another day because: "I need more time to potentially get documentation and potentially speak to other witnesses who could place [Appellant] at a location other than

the one he's alleged to have committed the violation at in the affidavit [of probable cause]." *Id.*

The trial court denied Appellant's Counsel's request, reasoning:

So this occurred on June 9th. [Appellant], according to the best of our knowledge, did not apply for a public defender, although he was aware of this violation and was here last week on violation [number four].

So [Appellant] will have – I'm not sure when this was served on [Appellant], but it has been – so at this time the court is going to deny the continuance request and we're going to proceed to the hearing.

*Id.*

During the ICC hearing, the Complainant testified that, at some time between 1:30 and 1:57 p.m. on June 9, 2022, she was sitting in her car in the Save-A-Lot parking lot, when Appellant reached into her window and hit her in the chest. *Id.* at 4 and 11. She further testified that, at the time Appellant hit her, Appellant must have been holding a bag of chips and his cell phone in his hand, because the Complainant later found "chips all over [her] car" and Appellant's cell phone "between the [car's] seat and the console." *Id.* at 5-9. The Complainant testified that Appellant's assault left her with "black and blue marks." *Id.* at 8.

Appellant testified that, on June 9, 2022, he did not walk past the Save-A-Lot and he did not see the Complainant. Moreover, Appellant testified that, at 1:57 p.m. on June 9, 2022, he was "walking up South Main Street, heading to probation." *Id.* at 18.

Appellant also testified that, even though he was arrested on June 9, 2022, the arresting officers only informed him "that there was a warrant out for [his] arrest." *Id.* at 17. Appellant testified that he "didn't even know about this [matter] until Saturday when I got upstairs over at the prison." *Id.*

At the conclusion of the hearing, the trial court found Appellant guilty of ICC and sentenced Appellant to serve a term of six months in jail.[2] Appellant filed a timely notice of appeal. He raises one claim to this Court:

> Did the trial court err and/or abuse its discretion by refusing to grant a continuance to [] Appellant and depriving him of his right to due process under both the United States and Pennsylvania Constitutions[,] specifically the 5th, 6th and 14th Amendments and Article 1, § 1, respectively?

Appellant's Brief at 3.

Appellant claims that the trial court erred when it denied his motion for a continuance. The Commonwealth agrees that the trial court erred in this regard and that Appellant is entitled to relief in this case. *See* Commonwealth's Letter, 2/3/23, at 1. We agree with Appellant and the Commonwealth. We, therefore, vacate Appellant's conviction and remand.

> A decision to grant or deny a continuance rests within the sound discretion of the trial court. We will not reverse a trial court's decision absent a showing of abuse of that discretion or prejudice to the defendant. An abuse of discretion is not

---

[2] *See Commonwealth v. Marks*, 268 A.3d 457 (Pa. Super. 2021) (holding: the trial court may impose a flat sentence for an ICC conviction that resulted from the violation of a PFA order); *see also* 23 Pa.C.S.A. § 6114(b)(1)(i)(A) ("[a] sentence for contempt under this chapter may include . . . imprisonment up to six months").

- 6 -

merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

***Commonwealth v. Tucker***, 143 A.3d 955, 966 (Pa. Super. 2016) (quotation marks, citations, and corrections omitted). "A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion." ***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa. Super. 2012). Instead:

> an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. [An appellate court] will not reverse a denial of a motion for continuance in the absence of prejudice.

***Id.*** (quotation marks, citations, and corrections omitted).

We further note that Pennsylvania Rule of Criminal Procedure 106 governs the granting of continuances. The rule provides:

> (A) The court . . . may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.
>
> . . .
>
> (C) When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance. . . .
>
> (D) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106.

Regarding the charge of ICC, we have held:

> where one is accused of [ICC], he shall enjoy the normal rights as to admission to bail [and] rights to be notified of the accusation and time to prepare a defense. . . . Additionally, the alleged contemnor is entitled to the assistance of counsel and may only be found guilty if every element of the crime is proven beyond a reasonable doubt. In short, the accused in such a proceeding is entitled to the essential procedural safeguards that attend criminal proceedings generally.

*Cipolla v. Cipolla*, 398 A.2d 1053, 1056 (Pa. Super. 1979) (quotation marks and citations omitted); *see also Commonwealth v. Padilla*, 885 A.2d 994, 996-997 (Pa. Super. 2005) ("as with those accused [of] other crimes, one charged with indirect criminal contempt is to be provided the safeguards which statute and criminal procedures afford") (quotation marks and citations omitted); *Wagner v. Wagner*, 564 A.2d 162, 163 (Pa. Super. 1989) ("[i]n requiring a defendant be found in contempt and punished under the PFA Act, the legislature did not in any way attempt to alter or circumvent the rights of a defendant in criminal contempt proceedings") (quotation marks and citations omitted).

Here, Appellant's Counsel was appointed at the beginning of the June 23, 2022 ICC hearing and "just before the start of testimony." *See* Appellant's Brief at 5; *see also* Sentencing Order, 6/23/22, at 1; N.T. ICC Hearing, 6/23/22, at 2. She then requested a continuance because: "I need more time to potentially get documentation and potentially speak to other witnesses who could place [Appellant] at a location other than the one he's alleged to have

committed the violation at in the affidavit [of probable cause]." N.T. ICC Hearing, 6/23/22, at 2.

The trial court denied Appellant's Counsel's request upon the stated reason that the alleged assault "occurred on June 9th. [Appellant], according to the best of our knowledge, did not apply for a public defender, although he was aware of this violation." *Id.* Respectfully, we conclude that the trial court abused its discretion when it denied Appellant's request for a continuance.

At the outset, we disagree with the trial court's conclusion that Appellant should have applied for a public defender some time between June 9, 2022 (when the alleged assault occurred) and June 22, 2022 (the day before the ICC hearing). Indeed, the record demonstrates that Appellant applied for a public defender at the first opportunity he was given and that Appellant's Counsel, thus, requested a continuance at the first opportunity she was given. *See* Pa.R.Crim.P. 106(D) ("[a] motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained only when the opportunity therefor did not previously exist").

First, although the Complainant testified that Appellant assaulted her on June 9, 2022, Appellant denied committing the assault – and Appellant, in fact, denied being in the general area where the assault was alleged to have occurred. *See* N.T. ICC Hearing, 6/23/22, at 18. Further, although Appellant was arrested on June 9, 2022, there is no evidence that the police arrested Appellant for allegedly committing the June 9, 2022 assault. Instead,

- 9 -

Appellant testified that the arresting officer merely informed him that he was being arrested because "there was a warrant out for [his] arrest."[3] *Id.* at 17. Appellant further testified that he "didn't even know about th[e current case] until Saturday when I got upstairs over at the prison." *Id.* The "Saturday" referred to in Appellant's testimony was June 18, 2022, when Appellant was first arrested for and charged with committing the ICC that is at issue in the case at bar. *See* Magistrate Court Docket Entries, MJ-11101-MD-0000050-2022, at 3. Therefore, it is of no moment that the alleged assault occurred on June 9, 2022, when Appellant denied being the assailant and he was not arrested on the charge until June 18, 2022.

Further, and more importantly, the record does not reflect that Appellant was ever served with the June 20, 2022 scheduling order, which scheduled the ICC hearing for June 23, 2022. Indeed, as explained above, the "File Copy Recipient List" attached to the June 20, 2022 scheduling order declares that the June 20, 2022 scheduling order was mailed to Appellant's home address. *See* Scheduling Order, 6/20/22, at 2. However, Appellant was in jail at the time the scheduling order was mailed to his home – and Appellant remained

_____

[3] It appears as though the June 9, 2022 arrest related to Appellant's fourth violation of the PFA order – and not to the current violation, which is Appellant's fifth. *See* Trial Court Opinion, 9/9/22, at 2 ("[o]n June 6, 2022 a warrant for Appellant's arrest was issued for violation number four which allegedly occurred on June 2, 2022. On June 10, 2022[,] the [trial] court denied the request to lift the warrant and appointed the Public Defender to represent [Appellant]. On June 16, 2022[,] Appellant pled guilty to violation number four and was sentenced to one-month incarceration with immediate eligibility for work release . . .").

in jail through the date of the ICC hearing. **See** Magistrate Court Docket Entries, MJ-11101-MD-0000050-2022, at 3. Therefore, there is no evidence that Appellant was even aware of the scheduled date for his ICC hearing until he appeared at the hearing.

The record thus reflects that Appellant applied for a public defender at the first opportunity he was given – that being, at the beginning of the June 23, 2022 ICC hearing. Further, since Appellant's Counsel was appointed at the beginning of the hearing, the first opportunity she had to request a continuance was at the beginning of the hearing. **See** Pa.R.Crim.P. 106(D) ("[a] motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the proceeding. A later motion shall be entertained **only when the opportunity therefor did not previously exist**") (emphasis added). Since Appellant's Counsel, in fact, requested a continuance at the beginning of the ICC hearing, we conclude that counsel's request for a continuance was timely, as "the opportunity [to request a continuance] did not previously exist." **See id.**

Moreover, since Appellant's Counsel was first appointed at the beginning of the hearing and then timely requested a continuance so that she could investigate the possibility of an alibi defense, we conclude that the trial court abused its discretion when it refused the request for a continuance. To be sure, the very nature of an alibi defense almost requires external investigation and this investigation could not have been accomplished during the 20 minutes that the trial court afforded counsel at the beginning of the hearing.

*See Commonwealth v. Pounds*, 417 A.2d 597, 602 (Pa. 1980) (noting that "an alibi defense is generally presented with accompanying alibi witnesses or other evidence placing the defendant at a place other than the scene of the crime at the time of its commission"); *see also Commonwealth v. Whiting*, 187 A.2d 563, 566 (Pa. 1963) ("[a]libi is a defense that places the defendant at the relevant time in a different place than the scene involved and so removed therefrom as to render it impossible for him to be the guilty party").

Finally, we conclude that the trial court's denial of the requested continuance caused Appellant to suffer prejudice. To be sure, Appellant's Counsel requested a continuance because, she declared: "I need more time to potentially get documentation and potentially speak to other witnesses who could place [Appellant] at a location other than the one he's alleged to have committed the violation at in the affidavit [of probable cause]." N.T. ICC Hearing, 6/23/22, at 2. Counsel's request corresponds with Appellant's defense in this case, which was that: he did not see the Complainant on the day of the assault; he was not in the Save-A-Lot parking lot on the day of the assault; and, at the time the assault occurred, he was walking along South Main Street in downtown Wilkes-Barre. *See id.* at 18.

The trial court's denial of the requested continuance thus impeded Appellant's Counsel's ability to prepare a potential alibi defense in this case, whether through surveillance video evidence, documentary evidence, or witness testimony. Further, since Appellant's testimony supported this potential alibi defense, we conclude that the trial court's error was not

harmless, that it caused Appellant prejudice, and that it requires we vacate his conviction. ***Commonwealth v. Ross***, 57 A.3d at 91 (to show that the denial of a motion for a continuance caused an appellant prejudice, "an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time"). Hence, we must vacate Appellant's judgment of sentence and conviction and remand for further proceedings.

Judgment of sentence vacated. Conviction vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2023