J-S15018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUWAYNE A. DIXON, JR. | : | |
| | : | |
| Appellant | : | No. 1203 WDA 2019 |

Appeal from the PCRA Order Entered August 2, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0016492-2008

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                           **FILED MAY 20, 2020**

Appellant, Duwayne A. Dixon, appeals from the order entered August 2, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm, in part, and vacate, in part.

We summarize the relevant facts and procedural history of this case as follows.  In 2008, Appellant shot and injured a witness scheduled to testify against the leader of Appellant's gang in an unrelated criminal matter.  In January 2013, a jury convicted Appellant of aggravated assault, criminal attempt – homicide, conspiracy to commit homicide, intimidation of a witness, and retaliation against a witness.[1]  In March 2013, the trial court sentenced Appellant.  This Court vacated Appellant's sentence as illegal, in several

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2702(a), 901/2502, 903(a), 4952(a), and 4953(a), respectively.

respects, in an unpublished memorandum filed on February 12, 2015. ***See Commonwealth v. Dixon***, 120 A.3d 379 (Pa. Super. 2015) (unpublished memorandum). On remand, the trial court resentenced Appellant in June 2015. We vacated that sentence and remanded the case again for resentencing based, *inter alia*, on the trial court's personal bias against Appellant as demonstrated by statements made at the resentencing hearing. ***See Commonwealth v. Dixon***, 2016 WL 5380842 (Pa. Super. 2016) (unpublished memorandum). Upon remand, the original trial court judge recused himself and the case was reassigned to another judge for review. The newly-assigned judge held a hearing on February 9, 2017 and sentenced Appellant to an aggregate term of 203 to 406 months of incarceration. This Court affirmed Appellant's judgment of sentence on December 13, 2017. ***See Commonwealth v. Dixon***, 2017 WL 6348256 (Pa. Super. 2017).

On November 21, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition, on February 4, 2019, again challenging Appellant's sentence as illegal.[2] Relevant to this appeal, the petition alleged that trial counsel and direct appeal counsel were ineffective for failing to object to Appellant's sentence for intimidation of a witness. Appellant alleged that counsel failed to object to the trial court's defective jury instructions, and a defective jury verdict slip, directing the jury

---

[2] The Commonwealth conceded that Appellant was entitled to partial sentencing relief unrelated to this appeal.

to find, as a matter of law, that the intimidation charge must be graded as a first-degree felony.

More specifically, Appellant challenged the following jury instruction:

The third crime [Appellant] is accused of committing is intimidation of a witness or victim. [Appellant] has been charged with intimidation of a witness or victim. To find [Appellant] guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt.

One, [Appellant] has been charged with -- excuse me.

First, [Appellant] intimidated or attempted to intimidate by threat or by violence a witness or victim into withholding testimony or information relating to the commission of a crime from a law enforcement officer, prosecuting official or judge. Eluding, evading or ignoring a request to appear or legal process summoning him to appear to testify or supply evidence. Or absenting himself from a proceeding to which he has been legally summoned.

And second, that [Appellant] did so with the intent to or with the knowledge that his conduct would obstruct, impede, impair, prevent or interfere with the administration of criminal justice. In order to find [Appellant] attempted to intimidate Andre Ripley into acting in a particular way, you must find that he intended to intimidate Mr. Ripley into acting in a way, and that he engaged in conduct that constituted a substantial step towards intimidating Andre Ripley into so acting.

A witness is any person having knowledge of the existence or nonexistence of facts or information relating to a crime. A witness includes a person in this case who witnessed the shooting of Andre Ripley and/or Brandy McWright in Ferguson Park, Wilkinsburg, in May 2007.

Third, that [Appellant] used force, violence or deception or threatens to employ force or violence upon the witness or victim or, with the intent or knowledge to intimidate a witness or victim, uses force, violence or deception or threatens force or violence upon any other person. Or acted in furtherance of a conspiracy to intimidate a witness or victims with planning, covering up or shooting Andre Ripley.

[Finally], that the case in which the actor sought to influence or intimidate a witness or victim was first or second degree murder or was a felony of the first degree. **I instruct you that crime is a felony of the first degree**.

***See*** Appellant's Brief at 17 (emphasis in original), *citing* N.T., 1/15/2013, at 603-605.

Appellant argued it was the function of the jury to determine the grade of the underlying crime to which the witness intimidation charge related because the grading assessment elevated the maximum sentence to be imposed for the offense. Appellant claimed that by instructing the jury that the offense underlying the intimidation charge constituted a first-degree felony, the trial court invaded the province of the factfinder, violated his due process rights and right to a jury trial, and disregarded the decision of the United States Supreme Court in ***Apprendi v. New Jersey***, 530 U.S. 466 (2000). The PCRA court conducted a hearing on August 2, 2019 and denied relief on Appellant's ***Apprendi*** claim. The PCRA court imposed a reformed sentence of 198 to 396 months' imprisonment,[3] reflecting an award of relief that is not pertinent to this appeal. This timely appeal followed, in which

_____

[3] The PCRA court sentenced Appellant to 114 to 228 months of imprisonment for criminal attempt – homicide. The PCRA court further sentenced Appellant to consecutive terms of incarceration of 72 to 144 months for intimidation of a witness and 12 to 24 months for retaliation against a witness. The PCRA court determined that Appellant's convictions for aggravated assault and conspiracy to commit homicide merged for sentencing purposes. ***See*** N.T., 8/2/2019, at 21.

- 4 -

Appellant challenges the PCRA court's denial of his sentencing claim predicated on **Apprendi**.[4]

On appeal, Appellant presents the following issue for our review:

Whether the [PCRA] court erred in partially denying [Appellant's] amended PCRA petition, and by resentencing [Appellant] at Count IV [(intimidation of a witness)] at the "felony I" level, by not finding and ruling that the "misdemeanor II" level was the only grading supported by the jury instructions, the jury verdict slip and/or the jury verdict?

Appellant's Brief at 4 (complete capitalization omitted).[5]

We adhere to the following standards of review:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotations omitted); **see** 42 Pa.C.S.A. § 9542 ("persons serving illegal sentences may obtain collateral relief").

_____

[4] Appellant filed a notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on August 9, 2019. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on October 7, 2019. It rejected Appellant's illegal sentencing claim, opining it was bound by our Court's decision in **Commonwealth v. Felder**, 75 A.3d 513 (Pa. Super. 2013). **See** Trial Court Opinion, 10/7/2019, at 4-5.

[5] While Appellant purports to raise a single issue in his statement of questions presented section of his appellate brief, he presents his argument in five distinct subheadings. For clarity and ease of discussion, we will address all of Appellant's claims in a two distinct parts.

- 5 -

Our Court previously determined:

[W]e have established the principle that the term "illegal sentence" is a term of art that our Courts apply narrowly, to a relatively small class of cases. This class of cases includes: (1) claims that the sentence fell "outside of the legal parameters prescribed by the applicable statute"; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in [*Apprendi*]. These claims implicate the fundamental legal authority of the court to impose the sentence that it did.

*Commonwealth v. Robinson*, 931 A.2d 15, 21 (Pa. Super. 2007) (*en banc*) (internal citations and most quotations omitted). Moreover, "[t]he proper grading of a criminal offense is an issue of statutory interpretation and implicates the legality of the sentence imposed." *Felder*, 75 A.3d at 515.

Section 4952 of the Crimes Code governs the grading of intimidation of a witness or victim and states:

(b) Grading.--

(1) The offense is a felony of the degree indicated in paragraphs (2) through (4) if:

(i) The actor employs force, violence or deception, or threatens to employ force or violence, upon the witness or victim or, with the requisite intent or knowledge upon any other person.

(ii) The actor offers any pecuniary or other benefit to the witness or victim or, with the requisite intent or knowledge, to any other person.

(iii) The actor's conduct is in furtherance of a conspiracy to intimidate a witness or victim.

(iv) The actor accepts, agrees or solicits another to accept any pecuniary or other benefit to intimidate a witness or victim.

- 6 -

(v) The actor has suffered any prior conviction for any violation of this section or any predecessor law hereto, or has been convicted, under any Federal statute or statute of any other state, of an act which would be a violation of this section if committed in this State.

(2) The offense is a felony of the first degree if a felony of the first degree or murder in the first or second degree was charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(3) The offense is a felony of the second degree if a felony of the second degree is the most serious offense charged in the case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(4) The offense is a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection.

(5) Otherwise the offense is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4952.

As set forth above and discussed at length below, application of Section 4952 requires a bifurcated process. First, under Subsection 4952(b)(1), it must be determined whether the actor engaged in any of the various acts listed in (b)(1)(i)-(iv) or had a prior conviction under (b)(1)(v). If one of these five requirements has been met, the intimidation of a witness offense is then graded pursuant to Subsection 4952(b)(2)-(4).

Appellant frames the first part of his claim as follows:

In a charge of [i]ntimidation of [a w]itness or [v]ictim (18 Pa.C.S.A. § 4952), does the trial court invade the province of the jury and violate **Apprendi** [] and subsequent cases by (1) instructing the jury to find, as a matter of law, what the grading of the **underlying** offense is, which in turn sets the grading of [i]ntimidation of [a w]itness, or (2) by failing to include a place for the jury to indicate that it found, beyond a reasonable doubt

- 7 -

that the underlying crime was a felony in the first degree, or (3) by failing to include a place for the jury to find, beyond a reasonable doubt, the grading elements of [18 Pa.C.S.A. §§ 4952] (b)(1)(i) or (b)(1)(iii). In other words, can the trial court omit any specific finding, special verdict slip, special[] interrogatory, or the like as to these essential elements, and/or direct a finding of this fact as to the grading of the underlying offense as a matter of law, notwithstanding *Apprendi*'s clear directive that "any fact that increases the penalty for a crime beyond the prescribed maximum penalty must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. [Appellant] submits that the answer to this question is "no," and that his [first-degree felony conviction at Count IV (intimidation of a witness) resulted in an illegal sentence].

Appellant's Brief at 13-14 (emphasis in original).

While Appellant complains the trial court was required to submit the question of grading under 18 Pa.C.S.A. § 4952(b)(1) to the jury pursuant to *Apprendi*, upon review we conclude that the trial court clearly did so. The trial court first instructed the jury on the elements of the crime of intimidation of a witness. Immediately thereafter, the trial court instructed the jury to consider whether Appellant "used force, violence or deception … with the intent or knowledge to intimidate a witness" or "acted in furtherance of a conspiracy to intimidate a witness." As such, the trial court's instructions to the jury tracked the language set forth in Subsections 4952(b)(1)(i) and (iii), which includes the prerequisite findings for grading the offense of witness intimidation pursuant to Subsection 4952(b)(2)-(4). The trial court also instructed the jury to consider whether the Commonwealth established these facts beyond a reasonable doubt. "It is well settled that the jury is presumed

- 8 -

to follow the trial court's instructions." ***Commonwealth v. Cash***, 137 A.3d 1262, 1280 (Pa. 2016).

In sum, the trial court instructed the jury to consider the elements of the crime of witness intimidation and, in addition, asked the jury to determine whether Appellant possessed the requisite intent to intimidate and/or act in furtherance of a conspiracy as Subsection 4952(b)(1) requires. We infer from the jury's verdict of guilty as to the charge of witness intimidation that one or both of the factors listed in Subsections 4952(b)(1)(i) and (iii) were proven beyond a reasonable doubt. This was sufficient to allow the trial court to grade Appellant's witness intimidation conviction pursuant to Subsection 4952(b)(2). The trial court had no affirmative duty to direct the jury to make a separate finding or complete a special verdict slip reflecting its assessment of the factors listed in Subsections 4952(b)(1)(i) and (iii). Quite simply, if the jury determined that the Commonwealth failed to prove the factors identified in Subsections 4952(b)(1)(i) and (iii) beyond a reasonable doubt, then it would have acquitted Appellant of the witness intimidation charge. As such, we conclude that the trial court correctly submitted the factors listed in Subsection 4952(b)(1) to the jury as required by ***Apprendi***.

Next, Appellant assails the PCRA court's reliance on ***Felder***, and its progeny, to reject his view as to how ***Apprendi*** impacts the application of Subsection 4952(b)(2). Appellant chiefly argues that ***Felder*** did not squarely address ***Apprendi***, but rather, examined whether Section 4952, as a whole, was unconstitutionally ambiguous. ***Id.*** at 22-29.

In **Felder**, a panel of this Court examined Section 4952. In that case, the Commonwealth charged Felder with intimidation of a witness or victim, aggravated assault, simple assault, and conspiracy to commit both aggravated and simple assault. Following trial, a jury convicted Felder of simple assault, conspiracy to commit simple assault, and intimidation of a witness or victim. The jury, however, deadlocked on the aggravated assault charge and found Felder not guilty of conspiracy to commit aggravated assault. The Commonwealth subsequently *nolle prossed* the aggravated assault charge. **See Felder**, 75 A.3d at 514. "The trial court sentenced Felder on the conviction for witness/victim intimidation pursuant to [S]ubsection 4952(b)(2) [(grading the offense as a first-degree felony)], reasoning that Felder had been charged with a first-degree felony (aggravated assault)." **Id.** at 516 (record citation omitted). "According to the trial court, the fact that the jury [deadlocked] on the aggravated assault charge at trial was of no consequence under the statute for grading purposes." **Id.** (record citation omitted). "Felder, conversely, argue[d] that because the jury [deadlocked] on the aggravated assault charge and it was *nolle prossed* by the Commonwealth before sentencing, application of subsection 4952(b)(2) was improper[.]" **Id.**

In deciding **Felder**, our Court examined the Pennsylvania Supreme Court's decision in **Commonwealth v. Reed**, 9 A.3d 1138 (Pa. 2010) and contrasted the cases as follows:

> **Reed** involved an interpretation of 18 Pa.C.S.A. § 6318, entitled "Unlawful contact with minor." Subsection 6318(a) sets forth six specific crimes that may constitute forms of unlawful contact.

Subsection 6318(b) then states that a violation of section 6318 will be graded the same as "the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or ... a misdemeanor of the first-degree, whichever is greater."  18 Pa.C.S.A. § 6318.  In **Reed**, the Commonwealth charged the defendant with a violation of section 6318 in addition to certain specified crimes listed in its subsection (a).  The jury convicted the defendant of a violation of section 6318 but acquitted him of the specific crimes listed in its subsection (a).  Under these circumstances, our Supreme Court ruled that, based upon the language of the statute, the only grade available to the sentencing court was the default grade (first-degree misdemeanor), since the jury had acquitted the defendant of the specific crimes listed in subsection (a).  **Reed**, 9 A.3d at 1147.  According to [our] Supreme Court, because the defendant had been acquitted of the specific underlying offenses, the sentencing court would have had to guess what crime he sought to commit when he contacted the minor, a result the legislature could not have intended. **Id.**

The language of section 6318 expressly requires a factual determination of the crime "for which the defendant contacted the minor" in order to determine proper grading.

**Felder**, 75 A.3d at 517.

In contrast to **Reed**, the **Felder** Court explained the operation of Subsection 4952(b)(2) as follows:

Subsection 4952(b) provides a clear roadmap for the grading of witness/victim intimidation offenses.  If "a felony of the first-degree ... was charged in the case," then the offense of witness/victim intimidation is graded as a first-degree felony.  18 Pa.C.S.A. § 4952(b)(2).

\*          \*          \*

A first-degree felony was **charged in this case**, and thus the trial court properly graded Felder's conviction for witness/victim intimidation as a first-degree felony pursuant to [S]ubsection 4952(b)(2).  Felder's alternative interpretation of this subsection would require us to insert additional language into the statute, namely that the first-degree felony charge "continued to exist in the case at the time of sentencing."  Nothing in [Sub]section 4952(b)(2) suggests that the legislature intended such a result.

To the contrary, the statute's focus on the most serious crime charged makes eminent sense, since the relevant charge is the most serious one a criminal defendant attempted to escape by use of intimidation.

*Felder*, 75 A.3d at 516–517 (emphasis in original).

Moreover, the **Felder** Court differentiated **Reed**, and, ultimately concluded:

Felder's reliance on [**Reed**] is misplaced. **Reed** did not involve interpretation of statutory language in any way similar to that in [Sub]section 4952(b)(2).

&ast;   &ast;   &ast;

The language of section 6318 expressly requires a factual determination of the crime "for which the defendant contacted the minor" in order to determine proper grading. Subsection 4952(b)(2), in significant contrast, contains no similar language, as it instead provides merely that the crime will be graded as a first-degree felony if a first-degree felony "was charged in the case." 18 Pa.C.S.A. § 4952(b)(2). As a result, our Supreme Court's interpretation of the language of section 6318 in **Reed** has no application in this case. Because the Commonwealth charged Felder with a first-degree felony (aggravated assault), the trial court properly graded her conviction for witness/victim intimidation pursuant to [S]ubsection 4952[(b)(2)] as a first-degree felony.

*Id.* at 517.

Here, there is no dispute that the Commonwealth charged Appellant with three underlying first-degree felonies: aggravated assault, criminal attempt – homicide, and conspiracy to commit homicide. The interpretive case law and plain language of Subsection 4952(b)(2) require only that an offender be charged with a first-degree felony; the provision does not involve a discretionary determination of an underlying predicate fact and, thus, does

- 12 -

not call upon a jury to make a finding with respect to the grading of the crime, so long as the prerequisite factors set forth in Subsection 4952(b)(1) have been found beyond a reasonable doubt.[6]  Put differently, once the prerequisite factors identified in Subsection 4952(b)(1) are established, Subsection 4952(b)(2) applies a binding grading mechanism which is wholly dependent upon the grading of the most serious underlying offense charged by the Commonwealth.  Because there can be no dispute that the Commonwealth charged Appellant with first-degree felonies, the trial court's instruction to the jury that the witness intimidation charge arose in a case involving a first-degree felony did not constitute an error of law.

Our conclusion receives support from a recent opinion announcing the judgment of our Supreme Court in a case that upheld the validity of a sentencing statute found at 18 Pa.C.S.A. § 9718(a)(3) against a constitutional challenge brought pursuant to **Alleyne v. United States**, 570 U.S. 99

_____

[6] We note that grading of criminal charges is not typically within the province of the jury and is generally set by statute.  **Felder**, 75 A.3d at 515 ("grading of a criminal offense is an issue of statutory interpretation").  Instead, as discussed, trial courts look at the plain statutory language of the specific grading provision to determine when additional fact-finding is required.  In the case of Subsection 4952(b)(2), no additional discretionary fact-finding was required.

(2013).[7]  *See Commonwealth v. Resto*, 179 A.3d 18, 19 (Pa. 2018) (OAJC).

The *Resto* Court explained:

> At a jury trial, [Resto] was convicted of, among other offenses, rape of a child.  *See* 18 Pa.C.S.A. § 3121(c).  At sentencing, the common pleas court implemented the mandatory minimum sentence for that offense per Section 9718(a)(3) of the Sentencing Code, which, in relevant part, prescribes as follows:
>
> A person convicted of the following offenses shall be sentenced to a mandatory term of imprisonment as follows:
>
>> 18 Pa.C.S.A. § 3121(c) and (d)—not less than ten years.
>
> 18 Pa.C.S.A § 9718(a)(3).

*Resto*, 179 A.3d at 19.  Our Supreme Court determined that "because subsection (a)(3) requires no proof of any predicate or aggravating facts[,] subsection (a)(3) simply cannot run afoul of a constitutional rule disapproving judicial fact-finding related to 'facts that increase mandatory minimum sentences.'"  *Id.* at 20-21, *citing* *Alleyne*, 570 U.S. at 116.  Accordingly, the *Resto* Court ultimately concluded:

> Contrary to [Resto's] position, a conviction returned by a jury to which a mandatory minimum sentence **directly attaches** is not the same as an aggravating fact that increases a mandatory minimum sentence. In any event, such a conviction is itself a

---

[7] ***Alleyne*** is a case in which the United States Supreme Court disapproved of post-verdict judicial fact-finding related to facts that increase mandatory minimum sentences; it is part of a long succession of United States Supreme Court decisions which find their genesis in ***Apprendi***.  ***See Alleyne v. United States***, 570 U.S. 99 (2013) ("the principle applied in ***Apprendi*** applies with equal force to facts increasing the mandatory minimum"); ***see also Commonwealth v. DiMatteo***, 177 A.3d 182, 184 (Pa. 2018) ("***Alleyne*** held that any fact which, by law, increases the mandatory minimum sentence for a crime must be: (1) treated as an element of the offense, as opposed to a sentencing factor; (2) submitted to the jury; and (3) found beyond a reasonable doubt.").

> contemporaneous jury determination, and the concern of **Alleyne** is with sentencing enhancements tied to facts to be determined by a judge at sentencing.

**Resto**, 179 A.3d at 21 (emphasis added).

The same rationale applies in this case. Here, the grading of Appellant's witness intimidation charge under Subsection 4952(b)(2) "directly attached" as a function of the charges filed by the Commonwealth; no factual assessment, either by a jury or the trial court at sentencing, of predicate or aggravating facts was required.

We perceive no error in the substance of the trial court's instructions or the procedure the trial court followed in charging the jury.[8] Here, the trial court charged the jury under Subsection 4952(b)(1) as required by **Apprendi**. **Apprendi** and its progeny, however, are not implicated in grading the offense of witness intimidation under Subsection 4952(b)(2). As such, Appellant is

---

[8] Our disposition expresses no opinion as to whether additional fact-finding may be necessary to assess grading pursuant to Subsection 4952(b)(4) and Subsection 4952(b)(5), which are not implicated herein. Subsection 4952(b)(4) provides that intimidation of a witness "is [graded as] a felony of the third degree in any other case in which the actor sought to influence or intimidate a witness or victim as specified in this subsection." 18 Pa.C.S.A. § 4952(b)(4). In addition, Subsection 4952(b)(5) operates as a default grading mechanism and directs that "[otherwise, witness intimidation is graded] a misdemeanor of the second degree." 18 Pa.C.S.A. § 4952(b)(5). Unlike Subsection 4952(b)(2) which, as discussed in detail above, affixes an offense grade based upon the grade of the underlying charged offenses, these additional provisions grade witness intimidation offenses in an entirely different manner.

not entitled to relief because there is no merit to his claim that he received an illegal sentence.

We note, however, that Appellant was improperly convicted and sentenced for two inchoate crimes, criminal attempt - homicide (18 Pa.C.S.A. § 901) and criminal conspiracy to commit homicide (18 Pa.C.S.A. § 903), intended to culminate in the same offense. We have previously stated:

> Conviction on both of these charges is prohibited by 18 Pa.C.S.A. § 906.[9] *See Commonwealth v. Watts*, 465 A.2d 1267 (Pa. Super. 1983). When a lower court improperly convicts and sentences a defendant for two inchoate crimes [intended to result in the same offense], this Court has the option either to remand for resentencing or amend the sentence directly. [*Watts*], *supra*; *Commonwealth v. Gonzales*, 443 A.2d 301 (Pa. Super. 1982).

*Commonwealth v. Cooke*, 492 A.2d 63, 70 (Pa. Super. 1985). Although Appellant has not raised this issue, we raise it *sua sponte* because it concerns the legality of the sentence imposed. *Id.* at 70 n.3.

Here, upon review of the most recent resentencing proceeding, the trial court imposed a sentence of 95 to 190 months of imprisonment for criminal attempt – homicide and merged Appellant's conviction for conspiracy to commit homicide for sentencing purposes. *See* N.T., 8/2/2019, at 21. Because Appellant did not receive additional punishment for conspiracy to commit homicide, we need not remand for resentencing but will simply vacate

---

[9] "A person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906.

the judgment of sentence imposed on the criminal conspiracy charge. **See Cooke**, 492 A.2d at 70, *citing* **Commonwealth v. Kinnon**, 453 A.2d 1051 (Pa. Super. 1982).

Order affirmed, in part, and vacated, in part. Conviction and judgment of sentence for criminal conspiracy vacated. Convictions and judgments of sentence affirmed in all other respects.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2020